UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HIRAM GUZMAN,

                            Plaintiff,

      v.                                        9:16-CV-0087
                                                 (GLS/ATB)

ALBANY MEDICAL CENTER HOSPITAL et al.,

                            Defendants.

---

APPEARANCES:

HIRAM GUZMAN
15-R-0484
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

      Plaintiff Hiram Guzman commenced this action pro se by filing a civil rights complaint together with an application for leave to proceed in forma pauperis.  Dkt. No. 1 ("Compl."); Dkt. No. 10 ("IFP Application").  By Decision and Order of this Court filed April 21, 2016, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted.  Dkt. No. 12 (the "April 2016 Order").  In light of his pro se status, plaintiff was afforded an

opportunity to submit an amended complaint. *Id*. Presently before this Court is plaintiff's amended complaint. Dkt. No. 13 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2016 Order and it will not be restated in this Decision and Order. *See* April 2016 Order at 2-4.

In the original complaint, plaintiff alleged that, on August 21, 2015, he had surgery at Albany Medical Center Hospital to remove a hernia. Compl. at 3. Defendant Beyer performed the surgery in a negligent manner because, after making two incisions during the surgery, he "failed in his duty to make sure the [inside] incision was properly closed." *Id*. As a result, blood leaked into plaintiff's testicle, resulting in the formation of blood clots and chronic pain. *Id*. Plaintiff claimed that Albany Medical Center Hospital was "responsible for appointing a physician who was unable to successfully perform the surgery to remove a hernia" and for "the physician negligence." *Id*. at 2, 4. Plaintiff also claimed that "medical malpractice is in violation" of the Eighth and Fourteenth Amendments to the United States Constitution. *Id*. at 4. Because the complaint alleged at best claims for negligence or malpractice, the Court found that the complaint failed to state a claim upon which relief may be granted under Section 1983. *See* April 2016 Order at 6-7.

Plaintiff has submitted an amended complaint which again names Albany Medical Center Hospital and Todd David Beyer, M.D. as defendants. Am. Compl. at 1. The following facts are set forth as alleged by plaintiff in his amended complaint. Defendants Albany

2

Medical Center Hospital and Dr. Beyer contracted with the New York State Department of Corrections and Community Supervision (DOCCS) to provide medical services to inmates in the custody of DOCCS. *Id*. at 1-4. Defendant Beyer "failed to exercise ordinary care and failed to exercise the degree of care and skill commonly exercised by physicians and surgeons" and as a result of defendant Beyer's "negligent treatment (surgery)," plaintiff suffers from pain in his leg, has difficulty walking, and his testicles are inflamed. *Id*. at 3. During plaintiff's hernia operation, defendant Beyer "negligently and carelessly left a hole (unclosed incision) [and] failed to close all the way (properly mend)." *Id*. As a result of defendant Beyer's "(negligent) act," plaintiff suffered internal bleeding "which could have been fatal," developed an enlarged testicle, and "still suffers pain [in] mind and body." *Id*.

As plaintiff was advised in the April 2016 Order, even if the Court were to assume that both defendants acted under "color of law" for purposes of Section 1983 and that plaintiff's injury was sufficiently serious to satisfy the first test of an Eighth Amendment deliberate indifference claim,

> to satisfy the second prong for such a claim, plaintiff must allege facts to demonstrate that defendant "knew of and disregarded an excessive risk to his health or safety." *Sales v. Barizone*, No. 03 Civ. 6691, 2004 WL 2781752, at *18 (S.D.N.Y. Dec. 2, 2004) (citing *Farmer* [*v. Brennan*], 511 U.S. [825,] 837 [(1994)]. The complaint contains no facts to plausibly suggest that either defendant was deliberately indifferent to plaintiff's serious medical needs or showed a wanton disregard for those needs. At best, the complaint contains allegations related to negligence and malpractice. However, the protections afforded by the Eighth Amendment do not extend to remedy harms which may be inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health. Therefore, "a complaint that a physician, or any other medical personnel, have been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under

3

> the Eighth Amendment." *Estelle* [*v. Gamble*], 429 U.S. [97,] 105-06 [(1976)]. Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *see Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims.").

April 2016 Order at 6-7.

Construing the amended complaint liberally, plaintiff again alleges that the defendants were guilty of negligence or medical malpractice in connection with plaintiff's hernia surgery. However, as plaintiff was previously advised, "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105-06. Therefore, plaintiff's Eighth Amendment medical indifference claims are dismissed for failure to state a claim under Section 1983 for the same reasons set forth in the April 2016 Order.

Plaintiff also alleges that as a disabled individual, he "is a member of a protected class under 42 U.S.C. § 1985." Am. Compl. at 4. Construed liberally, plaintiff claims that defendants conspired to deny him equal protection because of his disability. To prove a private conspiracy in violation of section 1985(3), a plaintiff must show (1) "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus . . . behind the conspirators' action,' . . . and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.'" *Lorett v. Brody & Fabiani*, No. 93 CIV. 3065, 1993 WL 287651, at *4 (S.D.N.Y. July 27, 1993) (quoting *Bray v. Alexandria*

4

*Women's Health Clinic,* 506 U.S. 263, 113 S.Ct. 753, 758 (1993)). Although disabled individuals, such as the mentally ill, may fall within the protection of Section 1985(3), *see Trautz v. Weisman*, 819 F. Supp. 282, 294 (S.D.N.Y. 1993), plaintiff alleges nothing to plausibly suggest that his rights have been violated under Section 1985. Plaintiff does not allege what his disability is, and has alleged no facts to plausibly suggest that defendants Albany Medical Center Hospital and Dr. Beyer "conspired" to harm plaintiff on account of a disability. Indeed, plaintiff alleges that the defendants were negligent in treating plaintiff which in itself suggests lack of an agreement to harm plaintiff.

After reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein and in the April 2016 Order, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[1]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[2] The Clerk is directed to close this case; and

---

[1] Although plaintiff's federal constitutional and federal statutory claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

[2] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also*

it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

June 23, 2016  
Albany, New York

_Gary L. Sharpe_  
Gary L. Sharpe  
U.S. District Judge

---

*Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).