UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HIRAM GUZMAN,

                        Plaintiff,

       v.                                                          9:16-CV-0087
                                                                          (GLS/ATB)

ALBANY MEDICAL CENTER HOSPITAL
et al.,

                        Defendants.
_____

APPEARANCES:

HIRAM GUZMAN
15-R-0484
Plaintiff, pro se
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

      Plaintiff Hiram Guzman commenced this action by submitting a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to

proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 10 ("IFP Application"). By

Decision and Order of this Court filed April 21, 2016, plaintiff's IFP Application was granted

but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28

U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to

state a claim upon which relief may be granted. Dkt. No. 12 (the "April 2016 Order"). In

relevant part, the April 2016 Order found as follows:

> To state an Eighth Amendment claim arising out of inadequate medical care, a prisoner must allege "deliberate indifference to [his] serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). . . . The complaint contains no facts to plausibly suggest that either defendant was deliberately indifferent to plaintiff's serious medical needs or showed a wanton disregard for those needs. At best, the complaint contains allegations related to negligence and malpractice. However, the protections afforded by the Eighth Amendment do not extend to remedy harms which may be inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health.

*Id*. at 5-6. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. 6-8.

In response to the April 2016 Order, plaintiff submitted an amended complaint. Dkt. No. 13 ("Am. Compl."). By Decision and Order filed on June 23, 2016, after reviewing the amended complaint, the Court found as follows:

> Construing the amended complaint liberally, plaintiff again alleges that the defendants were guilty of negligence or medical malpractice in connection with plaintiff's hernia surgery. However, as plaintiff was previously advised, "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105-06.

Dkt. No. 14 (the "June 2016 Order").[1] Therefore, plaintiff's Eighth Amendment medical indifference claims were dismissed for failure to state a claim under Section 1983 for the same reasons set forth in the April 2016 Order. *Id*. Plaintiff was specifically advised that

---

[1] Plaintiff also attempted to allege that defendants conspired to deny him equal protection in violation of 42 U.S.C. § 1985, which claim was also dismissed. Plaintiff's motion for reconsideration does not address that dismissal.

2

"[a]lthough plaintiff's federal constitutional and federal statutory claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court." *Id*. at 5 n.1.[2]

Presently before the Court is plaintiff's motion for reconsideration of the June 2016 Order. Dkt. No. 16.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[3] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

In support of his motion for reconsideration, plaintiff asserts that he did not intend to assert an Eighth Amendment violation in his amended complaint, but instead was asserting a

---

[2] Plaintiff's amended complaint was not construed to assert any state law claims. In any event, if any pendent state law claims had been asserted, they would have been dismissed without prejudice because all of plaintiff's federal claims were dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all federal claims in a complaint over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

[3] Generally, motions for reconsideration are denied unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.

3

claim that he was denied substantive due process in violation of the Fourteenth Amendment to the United States Constitution. *See generally* Dkt. No. 16. Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

Liberally construed, in support of his substantive due process claim, plaintiff argues that as a result of defendants' negligence or malpractice, plaintiff has been deprived of property under the Fourteenth Amendment because his body is his property. However, the Second Circuit has held that "[t]he simple lack of due care does not make out a violation of either the substantive or procedural aspects of the Due Process Clause of the Fourteenth Amendment." *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) (citing *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 332 (1986)). Moreover, plaintiff's Fourteenth Amendment substantive due process claim is based on the same allegations as the Eighth Amendment medical indifference claim set forth in his original complaint. *Compare* Compl. *with* Am. Compl.

> Where, as here, a plaintiff's Eighth Amendment and Fourteenth Amendment due process claims "'overlap,' the due process claim will be subsumed by the Eighth Amendment claim as the Eighth Amendment offers greater protection to prisoners." *Rodriguez v. Morton*, No. 04 Civ. 3787, 2009 WL 414033, at *9 (S.D.N.Y. Feb. 13, 2009) (citing *Felix-Torres v. Graham*, 521 F. Supp. 2d 157, 164 (N.D.N.Y. 2007) (Homer, M.J.) (quoting *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989) ("any protection that 'substantive due process' affords convicted prisoners against excessive force is . . . at best redundant of that provided by the Eighth Amendment")); *see also Whitley v. Albers*, 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed.2d 251 (1986) ("where the deliberate use of force is challenged as excessive and unjustified, . . . the Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishment Clause")).

*Jean v. Barber*, No. 9:09-CV-0430 (MAD/GHL), 2011 WL 2973957, at *4 (N.D.N.Y. June 28,

4

2011), *report and recommendation adopted*, 2011 WL 2975218 (N.D.N.Y. July 21, 2011) (dismissing prisoner's Fourteenth Amendment substantive due process claim as subsumed by the Eighth Amendment medical indifference claim).

The Court has thoroughly reviewed plaintiff's motion for reconsideration and finds that plaintiff presents no basis for reconsideration of the June 2016 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

July 12, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge